Public Accountancy — License Requirements Under 59 O.S. 15.2 [59-15.2] (1968), the Board of Public Accountancy must issue a license or permit when it determines an applicant meets the requirements of Subsections 1, 2, or 3 of Section 16. Said Board may not require an oral or written examination as a condition for issuance of a license to those qualified under Subsections 1, 2, or 3 of Section 16. Said Board does not have the discretion to deny a license or permit to an applicant qualified under Subsections 1, 2, or 3 of Section 16 without a showing that said applicant failed to comply with other relevant provisions of 59 O.S. 15.2 [59-15.2] (1968). The Attorney General has had under consideration your letter of March 13, 1968, requesting an opinion regarding House Bill No. 1216, 31st Legislature, 2nd Session, which licenses and regulates public accountants. You ask: "1. In the event said H. B. 1216 becomes law, must the State Board of Accountancy therein created issue a license to any individual possessing the qualifications contained in subsections 1, 2, 3 or 4 of Section 16 thereof? "2. May the said Board require a person possessing such qualifications to take an oral or written examination prior to and as a condition for issuance of a license to said person? "3. May said Board of Accountancy therein created refuse to issue a license upon due application therefor to a person having the aforesaid qualifications?" House Bill No. 1216, Section 16, provides as follows: "Any person (a) who is a resident of this State, or has a place of business therein and (b) who has attained the age of twenty-one (21) years, and (c) who is of good moral character and (d) who meets the requirements of subsection (1), (2) or (3) of this section may register with the Board as a Public Accountant on or before the first day of the thirteenth month following the passage of this Act. "(1) Persons who held themselves out to the public as Public Accountants and who were engaged as principals (as distinguished from employees) within this State at the effective date of this Act in the practice of public accounting as their principal occupation. "(2) Persons serving in the armed forces of the United States of America at the effective date of this Act who immediately prior to entering such service held themselves out to the public as Public Accountants and were engaged as principals (as distinguished from employees), within this State, in the practice of public accounting as their principal occupation. In the case of any such person, the time for registration shall be extended for a period of twelve (12) months from the time such person is separated from active duty with such service. "(3) Persons engaged for at least two (2) years on the effective date of this Act in an accounting or auditing position with the government of the United States, this State or a political subdivision of this State for which an examinatiOn in accountancy or qualifying experience or education in accountancy is required or necessary. "(4) Persons who on the effective date of this Act are active in making budgets for counties or active in making budgets and audits for school districts, cities or towns. "The Board shall charge a fee, not to exceed Twenty-five Dollars ($25.00), for registration hereunder. "The Board shall in each case determine whether the applicant is eligible for registration under this section. Any individual who is so registered and who holds a permit issued under Section 15.14 of Title 59 of the Oklahoma Statutes shall be styled and known as a `Public Accountant'." House Bill No. 1216, Section 17, provides in part: "It shall be unlawful for any individual to practice public accounting or to hold himself out as being engaged in the practice of public accounting in this State unless he shall at the time hold a permit in full force and effect issued by the Board authorizing him to do so. Permits shall be issued to: . . . "(b) Individuals who shall have been engaged in the practice of public accounting in this State on the effective date of this Act, and who shall have been registered as a Public Accountant under the provisions of this Act; . . . . "All such individuals shall, upon application and payment of the annual fees herein provided, and without examination, be granted an annual permit to practice public accounting in this State. . . ." 53 C.J.S., Licenses, Section 37, p. 630, states: "The designated board or officer has no powers or duties other than those which have been created by the statute or ordinance . . . . The board or officer must administer the licensing statute in accordance with its provisions." The Oklahoma Supreme Court in Boydston v. State, Okl., 277 P.2d 138,142, held: "It is a generally accepted rule, and we think a wholesome one, that Boards created by statute may only exercise the powers granted by statute. Such Boards are usually granted authority to make rules for their various procedures, but this does not include the authority to make rules which in effect extend their powers beyond those granted and fixed by statute." We find nothing in House Bill No. 1216 which authorizes the Board to require examinations prerequisite to issuance of a license for those applicants possessing the qualifications outlined in Section 16, which is referred to as a grandfather clause. Eslin v. Collins, Fla., 108 So.2d 889, held: "Ordinarily, as applied to the regulation of a profession, a grandfather clause exempts from the examination prerequisite to obtaining a license, those who were already bona fide engaged in the practice of a profession being regulated for the first time." 53 C.J.S., Licenses, Section 34, p. 625, states: "Thus, under some statutes, persons who were engaged in the occupation or business prior to the enactment of the licensing statute, and who comply with the procedure prescribed by the statute, are entitled to a license without an examination. . . ." As regards whether the Board of Accountancy could deny a license to an applicant meeting the qualifications of Section 16 of House Bill No. 1216, we note 53 CJ.S., Licenses, Section 38, which states: "As a general rule the power vested in the board or officer to grant licenses on compliance by applicant with the prescribed conditions carries with it, either expressly or impliedly, the power to exercise a reasonable discretion in granting or refusing licenses, but under statutes mandatory in terms no discretion is vested in the licensing board or officer, and every person who possesses the statutory qualifications and who complies with the statutory requirements is entitled to a license, . . . ." While the Board determines if an applicant meets the qualifications of Section 16, it appears that the Board has no discretion beyond that point and "shall" issue a license or permit when it determines an applicant fulfills the qualifications. Therefore, it is the opinion of the Attorney General that your questions be answered as follows: 1. Under the present terms of House Bill No. 1216, 31st Legislature, 2nd Session, the Board of Public Accountancy must issue a license or permit when it determines an applicant meets the requirements of Subsection (1), (2) or (3) of Section 16. 2. Said Board may not require an oral or written examination as a condition for issuance of a license to those qualified under Subsection (1), (2) or (3) of Section 16. 3. Said Board does not have the discretion to deny a license or permit to an applicant qualified under Subsection (1), (2) or (3) of Section 16 without a showing that said applicant failed to comply with other relevant provisions of House Bill No. 1216. (Penn Lerblance)